

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AGUSTIN HERNANDEZ-PAZ,

        Movant,

vs.

        CIVIL NO. Civ 05-0655 RB/DJS
        Criminal No. 04-771 RB

UNITED STATES OF AMERICA,

        Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1. This is a proceeding on a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255. Movant is incarcerated at the BSCC-CEDAR HILL UNIT- Big Spring, Texas. There he is serving a 33-month sentence as a result of his conviction for one count of Reentry of Deported Alien Previously Convicted of an Aggravated Felony. That conviction was obtained as the result of Movant's guilty plea.

2. Movant contends that his sentence was imposed in violation of the United States Supreme Court's ruling in United States v. Booker, 543 U.S. 220 (2005), in that he was sentenced pursuant

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

1

to the Sentencing Guidelines, which are no advisory. Further, Movant states that he pled guilty in hope of receiving a sentence at the low end of the guideline range.

3. Defendant invokes the Supreme Court's decision in Booker as the basis for challenging his sentence. The defendant in Booker brought constitutional claims against his sentence under the United States Sentencing Guidelines. The Court applied the rule announced in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), in determining that a sentence greater than the applicable Guidelines offense level must be based on facts that are admitted or found by a jury beyond a reasonable doubt. See Booker, 543 U.S. at 244. The Court also declared the mandatory application of the Guidelines unconstitutional. Id. at 258.

4. However, the Booker decision is not available to Defendant on collateral review of his sentence. See United States v. Bellamy, 411 F.3d 1182, 1188 (10th Cir. 2005); and see United States v. Price, 400 F.3d 844, 849 (10th Cir. 2005). For purposes of retroactivity analysis the decision in Booker merely applies the rule from Apprendi and thus provides no avenue to Defendant in a §2255 proceeding. See Bellamy, 411 F.3d at 1188. These decisions apply only to pending cases and those on direct review. Bellamy, 411 F.3d at 1186. Plaintiff did not file a direct appeal and his instant claim is not one which can provide him relief through the instant proceeding. Accordingly, the motion should be denied.

5. With respect to Movant's assertion that he expected to receive a sentence on the low end of the guideline range, the Court notes that the Plea Agreement signed by Movant states that the maximum sentence which he could have received was twenty years imprisonment. No stipulation as to sentence was contained in that document.

**RECOMMENDED DISPOSITION:**

That the motion be denied and this matter dismissed with prejudice.

_____
DON J. SVET
UNITED STATES MAGISTRATE JUDGE